The document below is hereby signed.

Signed: December 20, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
STEPHEN THOMAS YELVERTON,         )    Case No. 09-00414
                                 )    (Chapter 11)
            Debtor.              )
_____  )
                                 )
WENDELL W. WEBSTER, TRUSTEE,     )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Adversary Proceeding No.
                                 )    09-10048
ALEXANDRA N. SENYI DE NAGY-      )
UNYOM, *et al.*,                 )    Not for publication in
                                 )    West's Bankruptcy Reporter.
            Defendants.          )

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER</u>

The debtor seeks reconsideration of this court's order

substituting the Chapter 7 trustee as the plaintiff in place of

the debtor.  The trustee is the party statutorily empowered to

pursue an avoidance action pursuant to a trustee's avoidance

powers under chapter 5 of the Bankruptcy Code.  With very few

exceptions, the avoidance powers are designed to benefit the

estate, not the debtor, *Hansen v. Green Tree Servicing, LLC (In*

*re Hansen)*, 332 B.R. 8, 13 (10th Cir. B.A.P. 2005), and may not

be pursued by the debtor even when the trustee declines to pursue the avoidance powers.  The amended complaint does not fit within any of the exceptions (such as the one contained in 11 U.S.C. § 522(h)) to that general rule.  In any event, the trustee has not declined to pursue this adversary proceeding.

To be more specific, the motion to reconsider must be denied as to both sets of claims asserted in the amended complaint.  The amended complaint first seeks under 11 U.S.C. § 548(a)(1) to avoid certain obligations the debtor incurred.  The power under § 548(a)(1) to avoid certain obligations incurred by the debtor is a power exercised by the trustee on behalf of the estate, thereby minimizing the amount of claims against the estate when the exercise of that power is successful.  A debtor lacks standing to sue under that provision.  *Montoya v. Boyd (In re Montoya)*, 285 B.R. 490 (Bankr. D.N.M. 2002).

The amended complaint next presses a claim for the avoidance of transfers of property and for the recovery of that property.  Those transfers arose from wire transfers the debtor made, and thus appear to be voluntary transfers.  As to any transfer of property by the debtor that was voluntary, the debtor would not be allowed under 11 U.S.C. § 522(g)(1) to exempt such property upon the trustee avoiding the transfer.  Accordingly, if the trustee declines to attempt to avoid such a voluntary transfer, the debtor would not be allowed to avoid the transfer under 11

2

U.S.C. § 522(h).

For all of these reasons, it is

ORDERED that the debtor's motion to reconsider this court's
order substituting the Chapter 7 trustee as the plaintiff is
DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States
Trustee; Wendell W. Webster, Chapter 7 Trustee.