**The document below is hereby signed. Dated: December 14, 2011.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WENDELL W. WEBSTER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10048 |
| ALEXANDRA N. SENYI DE NAGY- | ) | |
| UNYOM, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

<u>MEMORANDUM DECISION AND ORDER DISPOSING OF MOTION TO INTERVENE</u>

The debtor has filed a motion to intervene in this adversary proceeding. The motion will be granted in part and denied in part. Specifically, the court will grant the motion as to those claims that were properly abandoned to the debtor by the trustee, but will deny the motion as to the trustee's avoidance claims, which are not property of the estate and did not become property of the debtor by reason of the trustee's notice of abandonment. The debtor has no right to intervene as a plaintiff as to the

avoidance claims unless he were to obtain an order permitting him to pursue the avoidance claims in place of the trustee.  The trustee has moved to dismiss this adversary proceeding, and the debtor can oppose that motion and, in so doing, request that he be allowed to pursue the avoidance claims and be substituted as the plaintiff.

The trustee has filed a notice of abandonment in the main case seeking under 11 U.S.C. § 554(a) to abandon the claims asserted in this adversary proceeding.  No party in interest timely objected to the notice, and the claims, to the extent they were property of the estate, have been abandoned and are now property of the debtor.  The debtor should be allowed to intervene and be substituted as the plaintiff as to such claims.[1]

Some of the claims asserted in this adversary proceeding, however, were claims brought pursuant to the trustee's avoidance powers under chapter 5 of the Bankruptcy Code.  Those claims were not property of the estate and were not subject to abandonment.  Although any avoided transfer recovered by the trustee or preserved for the benefit of the estate would be property of the estate, *see* 11 U.S.C. §§ 541(a)(3) (including any interest that

---

[1] As explained in a separate order of this same date, notwithstanding that these claims now belong to the debtor, the prosecution of those claims will not affect the administration of this bankruptcy case, and it may be appropriate to dismiss those claims without prejudice to the debtor's seeking relief in a court of competent jurisdiction.

the trustee recovers under 11 U.S.C. § 550 as property of the estate) and 541(a)(4) (including any interest in property preserved for the benefit of or ordered transferred to the estate under 11 U.S.C. § 551 as property of the estate), the trustee's avoidance claims themselves are not property of the estate. Accordingly, there has not been and cannot be an abandonment of such claims to the debtor.

Although the trustee's notice of abandonment was ineffective as to the avoidance claims, in that notice the trustee clearly states his determination that it "would be burdensome and of inconsequential benefit to the bankruptcy estate" to pursue any of the claims in this adversary proceeding, and no creditor objected to his pursuing the course of not pursuing those claims. The trustee has moved to dismiss the avoidance claims.  Subject to limited exceptions of no apparent applicability here, chapter 7 debtors generally lack standing to pursue a trustee's avoidance claims.  Nevertheless, the court will give the debtor the opportunity, incident to opposing the trustee's motion to dismiss, to request to be granted permission to sue on the avoidance claims and be substituted as the plaintiff as to such claims.

It is thus

ORDERED that the debtor is permitted to intervene as a plaintiff in this adversary proceeding with respect to the

3

abandoned claims of the estate, and he is substituted as the plaintiff in place of the trustee with respect to such claims, but this does not include the claims the trustee was pursuing pursuant to avoidance powers under chapter 5 of the Bankruptcy Code, and the trustee continues as the plaintiff with respect to such claims. It is further

ORDERED that the debtor is not permitted to intervene as a plaintiff in this adversary proceeding with respect to the claims the trustee has been pursuing pursuant to the trustee's avoidance powers, without prejudice to the debtor's opposing the trustee's motion to dismiss such claims and showing that he should be authorized to pursue such claims, and substituted as the plaintiff.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; Wendell W. Webster, Chapter 7 Trustee.

4