**The document below is hereby signed.**

**Dated: April 11, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
STEPHEN THOMAS YELVERTON,      )   Case No. 09-00414
                               )   (Chapter 7)
            Debtor.            )
_____)
                               )
WENDELL W. WEBSTER, CHAPTER    )
7 TRUSTEE,                     )
                               )
            Plaintiff,         )
                               )   Adversary Proceeding No.
       v.                      )   09-10048
                               )
ALEXANDRA N. SENYI DE NAGY-    )   Not for Publication in
UNYOM,                         )   West's Bankruptcy Reporter
                               )
            Defendant.         )
```

MEMORANDUM DECISION RE TRUSTEE'S MOTION TO DISMISS

At a December 13, 2011 hearing, the trustee orally moved to dismiss the avoidance claims in this adversary proceeding. The debtor, Stephen Thomas Yelverton, filed an opposition,[1] asking

---

[1] Following the oral motion, the court issued an order directing the debtor to "show cause, if any he has, why the avoidance claims ought not be dismissed, and in opposing dismissal . . . show cause, if any he has, why he ought to be allowed to pursue such claims in place of the trustee." See Dkt. No. 54.

that he or the creditors be permitted to pursue the avoidance claims on behalf of the estate. In consideration of the trustee's motion, as well as the debtor's response, the court will dismiss the avoidance claims and will not grant the debtor or creditors leave to pursue the claims on the estate's behalf.

I

AVOIDANCE CLAIMS WERE NOT
ABANDONED AND DID NOT REVERT TO THE DEBTOR

Prior to seeking dismissal of the avoidance claims, the trustee filed a notice of intent to abandon the debtor's claims against his former spouse in this adversary proceeding (Dkt. No. 414 in Case No. 09-00414). In addition to claims for fraud, misrepresentation, breach of contract, unlawful eviction and replevin, the trustee's notice purported also to abandon the claims being pursued pursuant to the trustee's avoidance powers under chapter 5 of the Bankruptcy Code. Although any avoided transfer recovered by the trustee or preserved for the benefit of the estate would be property of the estate, *see* 11 U.S.C. §§ 541(a)(3) (including any interest that the trustee recovers under 11 U.S.C. § 550 as property of the estate) and 541(a)(4) (including any interest in property preserved for the benefit of or ordered transferred to the estate under 11 U.S.C. § 551 as property of the estate), the trustee's avoidance claims themselves are not property of the estate. Accordingly, there was not and could not have been an abandonment of such claims to

2

the debtor.

In opposing the trustee's motion to dismiss, however, the debtor appears to argue that the avoidance claims were abandoned by the trustee and thus reverted to the debtor. The court agrees that abandoned causes of action that are property of the estate generally revert to the debtor, but none of the cases cited to by the debtor support the debtor's predicate assumption that a trustee's avoidance claims are property of the estate subject to abandonment. *See* cases cited to by the debtor, including *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010) (addressing a discrimination lawsuit that reverted to the debtor after it was abandoned by the estate); *Brown v. O'Keefe*, 300 U.S. 598, 602 (1937) (holding that abandoned stock holdings revert back to the debtor, with the debtor's title in that stock unaffected by the temporary assignment to the estate); *In re CVA Gen. Contractors, Inc.*, 267 B.R. 773, 780 n.7 (Bankr. W.D. Tex. 2001) (addressing an insurer's right to subrogation of an insured-debtor's liability claim). Accordingly, the court rejects the debtor's contention that the avoidance claims reverted to the debtor by operation of law.

II

THE DEBTOR DOES NOT HAVE DIRECT OR
DERIVATIVE STANDING TO PURSUE THE AVOIDANCE CLAIMS

The trustee is the party empowered under Chapter 5 of the Bankruptcy Code to pursue avoidance actions. With very few exceptions, the avoidance powers are designed to benefit creditors, not the debtor, *Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8, 13 (B.A.P. 10th Cir. 2005). There are limited circumstances under which debtors are authorized to sue on the trustee's avoidance powers, such as in the case of an involuntary transfer if the transfer diminishes an exemption the debtor could have invoked. *See* 11 U.S.C. § 522(h). As a general rule, however, individual chapter 7 debtors lack standing to pursue a trustee's avoidance claims. *See In re Chase*, 37 B.R. 345, 347 (Bankr. D. Vt. 1983) ("Except as provided in Code section 522(h) . . ., the Code does not authorize debtor access to the lien avoidance powers specifically granted to the trustee in chapter 5 of the Code."); *In re Rule*, 38 B.R. 37, 41 (Bankr. D. Vt. 1983).

The amended complaint asserts two sets of avoidance claims. First, there is a claim under 11 U.S.C. § 548(a)(1) that seeks to avoid certain obligations the debtor incurred. The power under § 548(a)(1) to avoid certain obligations incurred by the debtor is a power exercised by the trustee on behalf of the estate, and

4

when successful, it can be used to reduce the amount of claims against the estate.  A debtor, however, lacks direct standing to sue under that provision.  *Montoya v. Boyd (In re Montoya)*, 285 B.R. 490 (Bankr. D.N.M. 2002).

The amended complaint next presses a claim for the avoidance of transfers of property and for the recovery of that property. The transfers in question arose from wire transfers made by the debtor, and thus appear to be voluntary transfers.  The debtor would not be allowed under 11 U.S.C. § 522(g)(1) to exempt any property recovered incident to a successful avoidance of a voluntary transfer.  Accordingly, § 522(h) by its own terms does not apply.  In short, there is no apparent basis upon which the debtor could argue that he has direct standing to pursue either of the trustee's avoidance claims.[2]

Parties who lack direct standing to pursue a trustee's avoidance claims can, in some courts, seek leave to pursue those claims under a theory of derivative standing.  For example, some

---

[2] The debtor cites to *In re Murphy*, 331 B.R. 107, 122 (Bankr. S.D.N.Y. 2005) for the proposition that "where there is some benefit to the Creditors, an Avoidance action may be pursued by one other than the Trustee."  In that case, however, although the court permitted the debtor to intervene in the trustee's avoidance action, the trustee and the debtor both opposed dismissal of the avoidance action, and both took the position that avoidance of the tax sale at issue would substantially benefit creditors.  In short, *In re Murphy* did not address the issue now before the court, to wit, when a debtor may pursue an avoidance action on behalf of the estate notwithstanding a trustee's determination that pursing the action would not benefit the estate.

5

courts are willing to grant derivative standing to creditors or unsecured creditors' committees if a trustee or debtor-in-possession unjustifiably refuses to pursue an avoidance action. *See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003). Even in those cases, derivative standing is not automatically granted, and the creditor or committee is required to show both that there is a colorable claim and that the trustee has unjustifiably refused to prosecute the claim. *See In re McGuirk*, 414 B.R. 878, 880 (Bankr. N.D. Ga. 2009); *In re Cooper*, 405 B.R. 801 (Bankr. N.D. Tex. 2009) (questioning whether it is *ever* appropriate to grant derivative standing to creditors in chapter 7 cases). The trustee's notice of abandonment in this case suggests that his decision not to pursue the avoidance claims is based upon a good faith determination that pursuing the claims would not benefit the estate. If the trustee is acting in the best interest of the estate, it is unclear why the court would exercise its equitable powers to grant another party derivative standing to pursue these claims.

In his objection to dismissal, the debtor argues that a "permissible reason for the Creditors to be allowed to pursue Avoidance claims is where the claims are colorable and recovery would clearly benefit the Debtor Estate, with no net cost to the estate, and where the Trustee does not have the funds to pursue

the claims." Although having a colorable claim and showing a potential benefit to the estate are factors that support a request for derivative standing, the inquiry runs deeper than that. The Eighth Circuit's opinion in *In re Racing Services, Inc.*, provides an instructive overview of what a creditor must show to establish derivative standing:

> to establish derivative standing, a creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims. We expect in most cases creditors will readily satisfy the first three elements without much difficulty–petitioning the trustee and bankruptcy court ought to be mere formalities. And a creditor's claims are colorable if they would survive a motion to dismiss. The real challenge for the creditor will be to persuade the bankruptcy court with specific reasons why it believes the trustee's refusal is unjustified. (FN8)
>
>> FN(8) A creditor's request for derivative standing must be supported by competent evidence, for example, in the form of affidavits or through oral testimony at an evidentiary hearing.
>
> A creditor thus does not meet its burden with a naked assertion that 'the trustee's refusal is unjustified.' If presented with nothing more than this, the bankruptcy court may properly deny a creditor's motion without explanation. The creditor, not the bankruptcy court, has the onus of establishing the trustee unjustifiably refuses to bring the creditor's claim.

The court further explained that:

> the determination of whether the trustee unjustifiably refuses to bring a creditor's proposed claims will require bankruptcy courts to perform a cost-benefit analysis. While by no means exhaustive, among other factors the court should consider in conducting this

>   analysis are: (1) the probabilities of legal success
>   and financial recovery in event of success; (2) the
>   creditor's proposed fee arrangement; and (3) the
>   anticipated delay and expense to the bankruptcy estate
>   that the initiation and continuation of litigation will
>   likely produce.

*In re Racing Services, Inc.*, 540 F.3d 892, 900-901 (8th Cir. 2008) (internal citations and quotations omitted).  First, the court in *In re Racing Services* was addressing derivative standing conferred on creditors, not debtors.  Even if the court were to assume that the rationale for granting derivative standing to creditors is equally applicable to debtors (a significant issue that the debtor has not addressed), the debtor here has not shown that the trustee's determination not to pursue the avoidance actions was unjustified.  Specifically, the debtor has not made any meaningful showing with respect to the merits of the claims he seeks to pursue, the likelihood of a financial recovery in the event of success,[3] and he has not offered any descriptive or evidentiary detail with respect to how the estate will be impacted in financial or administrative terms.  In short, the debtor has not met his burden of showing that the trustee's decision not to pursue the claims was unjustified such that it would be appropriate to confer derivative standing on the debtor

---

[3] On the other hand, in his notice of abandonment, the trustee notes that the debtor's former spouse against whom the avoidance actions would be pursued has been unemployed since March of 2008 and currently has no income.

8

to pursue these claims on behalf of the estate.

Even if the debtor had met his burden to show that the trustee's refusal to pursue these claims was unjustified (which he did not), it is unlikely that this court would permit a chapter 7 debtor to pursue avoidance claims under a theory of derivative standing. As already noted in the court's show cause order, there is a split of authority on whether chapter 13 debtors can ever look to derivative standing to pursue avoidance claims the trustee elects not to pursue. *See Countrywide Home Loans v. Dickson (In re Dickson)*, 427 B.R. 399, 404 (B.A.P. 6th Cir. 2010). This court has previously ruled (albeit in dicta) that a chapter 13 debtor is not authorized to pursue avoidance claims under Chapter 5 of the Bankruptcy Code. *See Dawson v. Thomas (In re Dawson)*, 411 B.R. 1, 24 (Bankr. D.D.C. 2008) ("The better reasoned decisions hold that, in contrast to the provisions authorizing a chapter 13 debtor to pursue causes of action that are property of the estate, none of the provisions of chapter 13 authorize a chapter 13 debtor to sue on a trustee's avoidance powers (under, for example, 11 U.S.C. §§ 544 (unperfected liens), 547 (preferences), or 548 (fraudulent conveyances)) other than pursuant to 11 U.S.C. § 522(h))"). Although the *Dawson* case addressed a chapter 13 debtor's ability to pursue a trustee's avoidance claim, the reasoning should apply equally to chapter 7 debtors. A trustee's avoidance powers are

conferred on the trustee for the benefit of creditors, and it is creditors who have the necessary stake to have standing to request permission to pursue avoidance actions under a theory of derivative standing. Given the debtor's failure to show that the trustee's actions were unjustified, however, it is unnecessary for the court to decide at this juncture whether a debtor is ever entitled to be authorized to pursue avoidance actions.

III

THE TRUSTEE'S NOTICE TO CREDITORS WAS ADEQUATE

The debtor contends that the trustee's notice to creditors of his intent to abandon the avoidance claims was inadequate to serve as notice of his intent to dismiss. The debtor argues that the notice failed adequately to convey that the claims would not revert to the debtor, thus rendering the notice incomplete, misleading, and defective to serve as notice of intent to dismiss (as opposed to abandon) the claims. The notice of abandonment, however, put all creditors on notice that the trustee would not pursue these claims on behalf of the estate. From a creditor standpoint, it should not matter whether the trustee characterizes his proposed course of action as a dismissal or as an abandonment. The critical factor is that the trustee's notice placed creditors on notice that, absent a successful objection, no money would come into the estate and be available for distribution to creditors as a result of the avoidance claims.

Whether the trustee calls this an abandonment or a dismissal, a creditor's incentive for filing an objection to preserve its rights is the same. Accordingly, the court rejects the debtor's argument and finds that notice was adequate.

IV

An order follows granting the trustee's motion to dismiss.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.